IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FIDELITO LEON JOSEPH,

        Petitioner,

v.                                                     CIVIL ACTION NO. 5:11cv143
                                                     (Judge Stamp)

STATE OF WEST VIRGINIA,[1]

        Respondent.

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

### I. Introduction

On October 18, 2011, Fidelito Leon Joseph [hereinafter referred to as "petitioner"], a state prisoner, filed a *pro se* petition under the provisions of 28 U.S.C. §2254. (Dkt.# 1). He paid the required filing fee on the same day. On October 19, 2011, pursuant to a Notice of Deficiency, petitioner was directed to file his petition on a court-approved form. On October 28, 2011, petitioner filed his court-approved form. (Dkt.# 1-4).

On November 7, 2011, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time. (Dkt.# 6). Thus, the respondent was directed to show cause why the petition should not be granted. Id.

---

[1] Because the petitioner is challenging his conviction and sentence via a §2254 petition, the proper respondent is the state official who has custody of the petitioner, i.e., the warden of the Potomac Highlands Regional Jail in Augusta, West Virginia. See Rule 2 Rules Governing Section 2254 Cases in the United States District Courts. Thus, the Court *sua sponte* substitutes Warden Mike Lawson as the respondent. See Eiserman v. Penarosa, 33 F. Supp. 2d 1269 (D. Haw. 1999). The Clerk shall make the appropriate change to the docket.

On December 7, 2011, the respondent filed an answer, along with a Motion to Dismiss Petition for Failure to Exhaust State Remedies and as Insufficiently Pled, and a memorandum in support. (Dkt.# 9). Because the petitioner is proceeding *pro se*, a Roseboro[2] Notice issued on December 12, 2011. (Dkt.# 11).

On January 3, 2012, the petitioner filed a response to the respondent's motion in which he reiterated his claims and argued that he was prevented from exhausting his state remedies. (Dkt.# 13).

This case is before the undersigned for a report and recommendation pursuant to LR PL P § 83.13, et seq.

## II. Procedural History

### A. Petitioners' Conviction and Sentence

The petitioner was convicted in the Circuit Court of Mineral County in December of 2010 of possession with intent to deliver a controlled substance – marijuana. He indicates that he was sentenced to a term of one to five (1 – 5) years.

### B. Petitioner's Direct Appeal

The petitioner did not appeal his conviction.

### C. Petitioner's State Habeas Petition

The petitioner did not file a state habeas petition. He maintains that he attempted to file a Writ of Habeas Corpus with the Circuit Court of Mineral County by writing repeatedly to Circuit Court's Clerk in early 2011, asking for appointed counsel, a copy of his transcript and his "discovery package." He asserts that he never received any

---

[2] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a *pro se* plaintiff of his right to file material in response to a motion for summary judgment).

2

response to his letters.[3] Eventually he wrote to the W.Va. Supreme Court of Appeals and received a "habeas packet." He explains that he never filed it because he did not know how, needed appointed counsel to help him, but was unable to obtain a response from Mineral County Circuit Court to his requests for counsel.

**D.     Petitioner's Federal Habeas Petition**

In his petition pending before this court, the petitioner raises multiple grounds for relief. First, he claims counsel was ineffective for coercing his plea; failing to properly investigate his case; failing to contest the facts, evidence, and an allegedly unlawful search; and conspiring with the magistrate, the police, his 'pre-hearing judge," the Public Defender, and the prosecutor in order to get him convicted. Second, the petitioner alleges that he was unlawfully arrested pursuant to the improper police investigation by the Keyser, WV police. Third, he alleges that his 4th Amendment rights were violated by an unconstitutional search and seizure. As relief, he requests to be "exonerated of all the charges against me." (Dkt.1-4 at 20).

**F.     The Respondent's Motion to Dismiss[4]**

In the motion to dismiss, the respondent asserts that the petition should be dismissed for the failure to exhaust. Alternatively, the respondent asserts that petitioner has failed to allege claims of a constitutional dimension and his claims are procedurally

---

[3] Petitioner attaches copies of some of the letters. In one of them, he advises the Mineral County Circuit Clerk that he is writing "regarding an appeal I'm filing [sic] against Mineral County Circuit Court. I've contacted the Supreme Court of Appeals (W.Va.) and they sent me a habeas packet to fill out and advise me to write the Circuit Court of Mineral County a letter regarding some assistance for my habeas corpus and that I get an appointed counsel that deals with an appeal and can help me with my case[.]" (Dkt.# 1-2 at 3).

[4] Although titled as a motion to dismiss, respondent has actually filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56. (Dkt.# 10 at 6).

3

defaulted; the petition is untimely; and petitioner has waived any constitutional claims he might have had by entering his *nolo contendere* plea. The respondent asserts that petitioner's 4th Amendment claims are barred by Stone v. Powell,[5] because the State has already provided him with an opportunity for full and fair litigation. Finally, the respondent urges that the petition should be dismissed as insufficiently pled. Thus, the respondent seeks dismissal of the instant case for the failure to exhaust available state court remedies.

**G. The Petitioner's Response**

In his rambling, thirty-four page hand-written reply, the petitioner repeatedly reiterates his claims in great detail, and repeatedly reiterates his unsuccessful efforts in obtaining assistance from the Mineral County Circuit Court and the West Virginia Supreme Court of Appeals. He argues that he was prevented from exhausting his state remedies because the Mineral County Circuit Court would not provide him with transcripts, appointed counsel, and a discovery packet. Further, he argues, despite being provided with the "habeas packet" by the West Virginia Supreme Court of Appeals, he neither has the ability nor the means to file a state habeas petition himself.

### III. Analysis[6]

---

[5] Stone v. Powell, 428 U.S. 465, 494 (1976).

[6] Despite the respondent's claim to the contrary, the petition is timely. **Error! Main Document Only.**In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d). Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. §2254(b). Therefore, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365 (1995); see also Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992) (comity requires that the State be given the first opportunity to address and resolve the merits of an inmate's claims). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Thus, absent any state court post-conviction proceeding that would have tolled the federal limitation period, the petitioner had one-year from the date his conviction and sentence became final to file a federal habeas petition. 28 U.S.C. § 2244(d).

In this case, the petition is clearly timely. The petitioner was sentenced by order entered December 13, 2010. On April 11, 2011, through counsel, petitioner filed a timely motion for reconsideration pursuant to W.Va. Crim.P. R. 35(b). It was denied by Order entered on May 6, 2011. Because the petitioner did not file a direct appeal, his sentence became final when the time for seeking such review expired. Pursuant to Rule 37(b)(3) of the West Virginia Rules of Criminal Procedure, a petition for appeal must be filed with the Clerk of the Circuit Court within four months of the entry of the circuit court order. Thus, in this case, the petitioner's sentence became final on September 6, 2011 and he had until September 6, 2012 to timely file a federal habeas petition.

(1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. at 32; see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[7] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is the petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id.

---

[7] Picard v. Connor, 404 U.S. 270 (1971).

"If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution

Here, the petitioner apparently undertook efforts to begin to attempt to file a state petition for a writ of habeas corpus, but instead, wrote to the Circuit Clerk of Mineral County asking to file an *appeal* to that court. Petitioner then obtained the "habeas packet" from the West Virginia Supreme Court of Appeals, and for whatever reason, has yet to file his State petition.[8] Therefore, the undersigned finds that the petitioner's claims are not exhausted as he still has a remedy available in State court. Thus, it is inappropriate for this Court to entertain the petitioner's federal habeas petition at this time and the petition should be dismissed.

## IV. Recommendation

For the reasons set forth in this opinion, it is recommended that the respondent's Motion to Dismiss (Dkt.# 9) be **GRANTED** and the petitioner's § 2254 petition be **DISMISSED without prejudice** to the petitioner's right to renew the same following the proper exhaustion of state remedies.

**Within fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation**

---

[8] The undersigned notes that despite petitioner's stated position that he was unable to file a habeas corpus petition in state court without the assistance of appointed counsel, he was able to file the instant petition *pro se* in this court.

**will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

As noted *supra,* the Clerk is directed to make the appropriate change to the docket, substituting Mike Lawson, warden of the Potomac Highlands Regional Jail as the proper respondent in this action, instead of the state of West Virginia. See Rule 2 Rules Governing Section 2254 Cases in the United States District Courts.

The Clerk is further directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: February 1, 2012.

/s/  James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE