IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FIDELITO LEON JOSEPH,

    Petitioner,

v.                              Civil Action No. 5:11CV143
                                                (STAMP)
MIKE LAWSON, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING THE REPORT
AND RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] petitioner, Fidelito Leon Joseph, an inmate at Denmar Correctional Center, was convicted in December 2010 of possession with intent to deliver marijuana as the result of a plea of nolo contendere.[2] The petitioner was sentenced in the Circuit Court of Mineral County, West Virginia to a term of one to five years. The petitioner did not directly appeal his conviction, nor did he file a petition for post-conviction habeas corpus relief in state court.

The petitioner claims that he attempted to file a state habeas corpus petition by repeatedly writing to the Clerk for the Circuit Court of Mineral County in 2011 to request counsel and all information from his trial necessary to file a petition in state

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] "Nolo Contendere" is a plea wherein "a defendant does not contest or admit guilt." Black's Law Dictionary 1188 (9th ed. 2009).

court. He claims that, despite this repeated attempted correspondence, he received no response. He also states that he wrote the West Virginia Supreme Court of Appeals and received a "habeas packet" but never filed a petition pursuant to that packet because he did not know how. He argues that he needed counsel to assist him in the process, but the Circuit Court of Mineral County would not respond to his requests for the same.

On October 18, 2011, the petitioner filed the current petition before this Court under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. The petitioner asserts three grounds for relief: (1) that his trial counsel was ineffective for coercing the petitioner to plead guilty, for failing to contest the facts and evidence and failing to contest an allegedly unlawful search, and for allegedly conspiring with the magistrate, the police, the petitioner's "pre-hearing judge," the public defender and the prosecutor in order to convict the petitioner; (2) that the petitioner was unlawfully arrested following an improper investigation by the police department of Keyser, West Virginia and (3) that his Fourth Amendment rights were violated by an unconstitutional search and seizure.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition of this matter. Magistrate Judge Seibert determined that summary

dismissal was not warranted in this case and directed the respondent to show cause why the petition should not be granted. In response, the respondent filed a motion to dismiss, which the magistrate judge determined was actually a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

The respondent's motion to dismiss/motion for summary judgment argued that the petitioner's application for a writ of habeas corpus should be denied because the petitioner has failed to exhaust all state remedies as is required as a prerequisite to filing a § 2254 petition. The respondent also argues in the alternative that the petition should be dismissed because the petitioner has failed to assert constitutional violations, his claims are procedurally defaulted, the petition is untimely, and because the petitioner has waived any constitutional claims by entering a nolo contendere plea. The respondent also asks this Court to dismiss the petitioner's Fourth Amendment claims as barred by Stone v. Powell, 428 U.S. 465, 494 (1976), and because the petition is insufficiently pled. The petitioner responded to the respondent's motion to dismiss/motion for summary judgment by restating all of the claims in his original petition and again arguing that the Circuit Court of Mineral County prevented him from appealing his conviction or filing a habeas petition by not responding to his letters, and that despite the receipt of a "habeas packet" from the West Virginia Supreme Court, he was unable to file the state petition himself without an appointed attorney.

3

The magistrate judge entered a report and recommendation recommending that this Court dismiss this petition without prejudice for failure to exhaust state remedies. Magistrate Judge Seibert further advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party could file written objections to his proposed findings and recommendations within 14 days after being served with a copy of the magistrate judge's recommendation. The petitioner filed timely objections wherein he again reiterated the arguments contained in his petition. After a <u>de novo</u> review, for the reasons that follow, this Court agrees with the magistrate judge that the petitioner has failed to exhaust state remedies, and has thus filed this § 2254 petition prematurely. Therefore, the petitioner's petition must be dismissed without prejudice.

## II. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because objections have been filed in this case, this Court will undertake a <u>de novo</u> review.

## III. <u>Discussion</u>

State prisoners must exhaust all available state remedies before seeking relief by way of a federal writ of habeas corpus pursuant to 28 U.S.C. § 2554. <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004). This requirement allows the state the first "'opportunity to pass upon and correct' alleged violations of its prisoners'

4

federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995)(per curiam)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971)(citation omitted). In order to ensure that the petitioner has fully exhausted all state remedies, he must have fully presented the merits of the claims raised in his § 2254 claim to the highest court within the state. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997). It is the petitioner's burden to demonstrate that he has exhausted state remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

The parties here do not dispute that the petitioner has not exhausted his state remedies, as he admits that has not filed a state habeas petition. However, the petitioner argues that he attempted to file a petition but was essentially blocked from doing so because the Circuit Court of Mineral County did not respond to his requests for an appointed attorney and for his transcript and discovery packet. He also argues that despite receiving a "habeas packet" from the West Virginia Supreme Court of Appeals, he was unable to file a state habeas petition himself without the assistance of counsel. It thus appears to this Court that the petitioner is asking this Court to create an exception to the exhaustion requirement due to these circumstances.

However, the exhaustion requirement is grounded in concerns of comity, which have been determined to require that the state which has custody of the petitioner, and which convicted and sentenced the petitioner, have the first opportunity to assess and correct

any alleged violations of the constitutional rights of its prisoners caused by its conviction and sentencing before the federal system makes any determinations on the matter. Duncan, 513 U.S. at 365. Therefore, this Court is without authority to make the exceptions requested by this petitioner without violating concerns of comity between the State of West Virginia and the federal judiciary. Further, as the magistrate judge pointed out, this Court seriously questions the petitioner's inability to file a state habeas petition without the assistance of counsel when he apparently filed this federal habeas petition without any such assistance.

## IV. Conclusion

Based upon a de novo review of the record, this Court adopts and affirms the report and recommendation of the magistrate judge in its entirety. Accordingly, the petitioner's petition filed pursuant to 28 U.S.C. § 2254 is DENIED. It is also further ORDERED this civil action be DISMISSED WITHOUT PREJUDICE subject to the petitioner's right to refile this petition following proper exhaustion of state remedies. The Clerk is DIRECTED to strike this civil action from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of this judgment order.

Finally, this Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: May 16, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE